IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LINO AGUILAR,                              No   C 10-3435 VRW

    Plaintiff,                         ORDER

    v

ABM JANITORIAL SERVICES & DOES 1-
10,

    Defendants.
_____/

        Defendant ABM Janitorial Services - Northern California removed the above-captioned case from Alameda County superior court, alleging that plaintiff's claims for breach of contract and wrongful termination are preempted by section 301 of the Labor Management Relations Act (LMRA), 29 USC § 185.  Doc #1 at 3-4.  The LMRA completely preempts a state law claim when the claim requires the court to construe a provision of a collective bargaining agreement.  Lingle v Norge Division of Magic Chef, Inc, 486 US 399, 405-407 (1988).  "The need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim."

<u>Cramer v Consolidated Freightways, Inc</u>, 255 F3d 683, 691 (9th Cir 2001). The court may look beyond the pleadings to determine whether plaintiff's state law claims are preempted by the LMRA. <u>Young v Anthony's Fish Grottos, Inc</u>, 830 F2d 993, 997 (9th Cir 1987).

Plaintiff asserts two claims: (1) breach of contract and (2) wrongful termination. Doc #1 at 11. Plaintiff alleges his termination violated his seniority rights, which arose from his membership in the Local 87 Service Employees International Union, AFL-CIO. Id at 10. The allegations in the complaint do not specify whether plaintiff was a union employee at the time of his termination.

Defendant moves to dismiss the complaint and alleges that plaintiff's union membership ceased when he became a supervisor in 1999. Doc #8 at 3. Plaintiff clarifies in his opposition to the motion to dismiss that his claims are based on a non-union contract incorporating his seniority from the Local 87's collective bargaining agreement. Doc #18 at 4. Defendant attaches a copy of plaintiff's employment contract; the contract makes no reference to seniority or a collective bargaining agreement. Doc #21 Exh A. Plaintiff's state law claims do not appear to require the court to interpret the seniority provision of plaintiff's previous collective bargaining agreement, and neither party argues that interpretation of a collective bargaining agreement "inhere[s] in the nature of" plaintiff's claims. <u>Cramer</u>, 255 F3d at 691.

Because defendant removed the case, defendant bears the burden to show that plaintiff's claims are preempted by the LMRA. <u>Ethridge v Harbor House Restaurant</u>, 861 F2d 1389, 1393 (9th Cir

1988).  It is not apparent from the record that plaintiff's claims are preempted or that the court otherwise has jurisdiction over the case.  Accordingly, defendant is ORDERED to SHOW CAUSE in writing on or before December 15, 2010 why the case should not be remanded to Alameda County superior court.  The hearing scheduled for December 9, 2010 is VACATED and will be rescheduled if necessary.

     IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge