IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO AGUILAR, | No   C 10-3435 VRW |
|     Plaintiff, | ORDER |
|     v | |
| ABM JANITORIAL SERVICES & DOES 1-10, | |
|     Defendants. | |

Defendant ABM Janitorial Services – Northern California removed the above-captioned case from Alameda County superior court, alleging that plaintiff's claims for breach of contract and wrongful termination are preempted by section 301 of the Labor Management Relations Act (LMRA), 29 USC § 185. Doc #1 at 3-4. On December 2, 2010, the court ordered defendant to show cause why the case should not be remanded to Alameda County superior court. Doc #23. The court noted that it was not apparent from the record that plaintiff's claims were preempted by the LMRA and that absent preemption, the court lacked jurisdiction. Id at 3. Defendant

responded to the order to show cause on December 15, 2010. Doc #24. For the reasons that follow, the court determines that it lacks subject matter jurisdiction over plaintiff's complaint and **REMANDS** the case to Alameda County superior court.

**I**

**A**

The LMRA completely preempts a state law claim when the claim requires the court to construe a provision of a collective bargaining agreement ("CBA"). <u>Lingle v Norge Division of Magic Chef, Inc</u>, 486 US 399, 405-407 (1988). "The need to interpret the CBA must inhere in the nature of the plaintiff's claim." <u>Cramer v Consolidated Freightways, Inc</u>, 255 F3d 683, 691 (9th Cir 2001). The "bare fact" that the court must consult a provision of a CBA to resolve a state law claim does not mean the claim is preempted. <u>Livadas v Bradshaw</u>, 512 US 107, 124 (1994). The court strictly construes the removal statute, 28 USC § 1441, and any doubts about removability are construed against the removal. <u>Gaus v Miles, Inc</u>, 980 F2d 564, 566 (9th Cir 1992).

To determine whether a state law claim is preempted by the LMRA, the court must determine whether resolution of the claim is "substantially dependent on analysis of a collective-bargaining agreement." <u>Burnside v Kiewit Pacific Corp</u>, 491 F3d 1053, 1059 (9th Cir 2007). This determination hinges on whether the claim can be resolved by "looking to" the CBA. If it can, and if none of the relevant terms of the agreement is reasonably in dispute, the claim is not preempted. Id at 1060. If the court must "interpret" a provision of the CBA, the state claim is preempted. Id.

**B**

Plaintiff asserts two claims: (1) breach of contract and (2) wrongful termination. Doc #1 at 11. Plaintiff alleges his termination violated his seniority rights under the CBA based on plaintiff's prior membership in the Local 87 Service Employees International Union, AFL-CIO ("Local 87"). Id at 10. Defendant admits in its response to the order to show cause that plaintiff was a non-union employee at the time of his termination. Doc #24 at 2.

Defendant's response to the order to show cause explains in detail its position that plaintiff's claims are preempted by the LMRA. Doc #24. According to defendant, if the court determines that plaintiff retained his Local 87 seniority rights following his acceptance of a non-union position, the court must also determine the scope and proper interpretation of those seniority rights. Id at 2. If plaintiff is correct that his non-union contract incorporates his seniority rights from the CBA, defendants will argue that exceptions to those seniority rights doom plaintiff's claim. Doc #24 at 4. Moreover, according to defendant, the court must determine whether plaintiff effectively waived his seniority rights under the CBA when he signed an at-will employment agreement in 2001. Id. Thus, defendants conclude, resolution of plaintiff's claims depends on interpretation of the seniority rights in the CBA. Id.

The court disagrees. Even if plaintiff retained his seniority rights under the CBA, there is nothing to suggest the court will be required to do anything but "look to" the CBA to determine the scope of plaintiff's seniority rights. No

3

interpretation appears to be required; instead, the court will simply refer to the seniority provisions in the CBA and resolve plaintiff's claims under state law. Because defendant has not shown that the court will need to interpret or otherwise analyze the CBA, plaintiff's claims are not preempted by the LMRA.

II

For the reasons explained above, the court finds that plaintiff's claims are not preempted by the LMRA. The court therefore lacks subject matter jurisdiction over plaintiff's claims. Accordingly, the case is REMANDED to Alameda County superior court. The clerk is DIRECTED to terminate all motions, remand the case and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

4